# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MARLENE BARTON                                                                    PLAINTIFF

V.                              No. 4:18-CV-00077-KGB-BD

SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT


## RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Marlene Barton applied for social security disability benefits with an alleged disability onset date of December 26, 2013. (R. at 86). The administrative law judge (ALJ) denied her application after a hearing. (R. at 30). The Appeals Council declined to review the decision (R. at 1), and Ms. Barton filed this lawsuit requesting judicial review.

## I. The Commissioner's Decision

The ALJ found that Ms. Barton had the following severe impairments: disorder of the back, morbid obesity, and anxiety. (R. at 21). In spite of these impairments, the ALJ found that Ms. Barton had the residual functional capacity (RFC) to perform medium work. The ALJ found that Ms. Barton could: lift or carry no more than fifty pounds at a time with frequent lifting or carrying of up to twenty-five pounds; walk or stand up to six hours in an eight-hour workday; perform semi-skilled work, defined as work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience, involves several variables, uses judgment within limits, and the supervision required is little for routine but detailed for non-routine tasks. (R. at 23–24). A vocational expert (VE) testified that the RFC would allow Ms. Barton to perform her past relevant work as a certified nurse assistant, office worker, and auction clerk, and that she could perform other jobs in the national economy such as inventory clerk or delivery driver. (R. at 28–29). The ALJ concluded, therefore, that Ms. Barton was not disabled. (R. at 30).

## II. Discussion

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

In this appeal, Ms. Barton argues that the ALJ failed to consider the opinion of her treating physician, failed to consider the observations of a State Agency interviewer, and erred in relying on the State Agency consultants' opinions.

**A. Treating Physician Opinion**

Ms. Barton first argues that the ALJ impermissibly ignored the opinion of her treating physician. Jim Citty, M.D., noted on Ms. Barton's application for student loan discharge dated January 13, 2016, that Ms. Barton had disabling impairments of peripheral neuropathy and hypothyroidism, with moderate limitations in standing, walking, lifting, and activities of daily living; fair residual functionality; and emotional lability. (R. at 291). The ALJ made no mention of this opinion in the decision.

As Ms. Barton points out, a court may reverse where it is unsure what weight—if any—was given to a physician's opinion. *McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008). However, as the Commissioner points out, it is error only if the ALJ fails to discuss a treating physician's opinion where the record contains no contradictory opinion. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). A number of facts weigh against reversing on this point.

First, Dr. Citty's opinion is not included with the medical evidence and was not submitted as such. The opinion is a form completed for the purpose of discharging Ms. Barton's student loans. (R. at 290–91). Dr. Citty merely checked boxes and filled in a few blanks. Second, and more importantly, Dr. Citty's treatment notes contradict this opinion. Dr. Citty's treatment notes from January 20, 2015, February 18, 2015, and March 30, 2015 state that Ms. Barton had no physical disability. (R. at 581, 585, 588). On multiple

occasions, Dr. Citty also noted that Ms. Barton had no active problems and no back pain. (R. at 558–59, 562–63, 566–67, 579–80, 583–84, 587, 664–65, 668, 671–72, 676–77, 680, 684, 688–89, 692–93, 696–97, 700–01, 704–05, 873–74, 878–79, 883).

Furthermore, Wesley Sprinkle, D.O., released Ms. Barton to work regular duty on May 6, 2014. (R. at 443). He noted that she had reached maximum medical improvement, with her back pain at a tolerable level and a zero percent impairment rating. (R. at 445). There is no other significant medical evidence supporting greater limitations than those found by the ALJ.

In light of the overwhelmingly contradictory medical evidence, the undersigned cannot find that the ALJ erred in neglecting to mention Dr. Citty's statements on the student loan discharge application.

### B. State Agency Interviewer's Opinion

Ms. Barton next contends that the ALJ's decision should be reversed because the ALJ did not discuss the observations of a State Agency interviewer who observed that Ms. Barton had difficulty sitting, standing, and walking; that she had to adjust positions during the interview; and that she walked hunched over, with a limp. (R. at 239).

An ALJ is not required to specifically discuss every piece of evidence. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). The ALJ's decision in this case is supported by substantial medical evidence, as noted; and the ALJ's omission of discussion concerning the interviewer's observations is not so significant as to require remand.

### C. Reliance on State Agency Consultants' Opinions

Ms. Barton argues that the ALJ erred in relying on the State Agency Consultants' opinions for both the physical and mental RFC determination. As noted, the evidence of Ms. Barton's physical RFC is substantial enough to survive review even if the State Agency consultants' opinions are not considered. There was no significant error in the ALJ's weighing of the State Agency consultants' opinions concerning Ms. Barton's physical RFC.

Similarly, other evidence in the record supports the ALJ's mental RFC findings. Ms. Barton was examined on February 27, 2015 by John Faucett, Ph.D. (R. at 571–76). Dr. Faucett conducted a full mental diagnostic evaluation and concluded that Ms. Barton suffered from post-traumatic stress disorder. (R. at 574). He also noted that she could perform most activities of daily living autonomously, communicate and interact in a socially adequate manner, communicate in an intelligible and effective manner, perform basic work-like tasks, adequately attend to and sustain concentration, adequately sustain persistence, and complete tasks in an acceptable timeframe. (R. at 574–75). He also opined that she could manage her personal finances without assistance. (R. at 575). No other treatment records support greater mental limitations than those set out in the RFC assigned by the ALJ, and Ms. Barton does not point to any records that contradict Dr. Faucett's opinion.

The ALJ did fail to state the weight given to Dr. Faucett's opinion, but did discuss his findings in detail. (R. at 26–27). Despite giving some weight to the State Agency consultants' opinion, the ALJ found that Ms. Barton had a severe mental impairment and

accounted for the resulting limitations in the RFC. (R. at 27). While the ALJ should have specifically weighed Dr. Faucett's opinion, there is no basis to find that the ALJ failed to consider it. The mental RFC assigned by the ALJ is supported by substantial evidence on the record as a whole.

## III. Recommended Disposition

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the Commissioner's decision should be AFFIRMED.

DATED this 2nd day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE