IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARLENE BARTON                                                                                    PLAINTIFF

v.                                    Case No. 4:18-cv-00077-KGB-BD

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                                  DEFENDANT

# ORDER

The Court has received the Recommended Disposition from Magistrate Judge Beth Deere (Dkt. No. 13). Plaintiff Marlene Barton filed timely objections to the Recommended Disposition (Dkt. No. 14). After reviewing the Recommended Disposition and the timely objections thereto, as well as after conducting a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 13).

The Court writes separately to address Ms. Barton's objections (Dkt. No. 14). Ms. Barton contends that the Administrative Law Judge ("ALJ") "failed to even consider and identify the weight given the opinion of Dr. Citty" (*Id.*, at 1). She also contends that the ALJ's opinion is silent as to a statement from J. Kenney, one of the Commissioner's employees, who interviewed Ms. Barton (*Id.*, at 6). Ms. Barton maintains that the ALJ's residual functional capacity ("RFC") determination is not supported by medical opinions regarding her functional limitations stemming from her severe impairments (*Id.*, at 7). Finally, Ms. Barton asserts that the ALJ's RFC is further flawed because it fails to account for Ms. Barton's functional limitations stemming from her severe mental impairment of anxiety (*Id.*, at 8).

In considering Ms. Barton's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862-63 (8th Cir. 2004). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217.

Having reviewed the entire record *de novo*, the Court rejects Ms. Barton's arguments regarding the ALJ's consideration of Dr. Citty's opinions and medical records (Dkt. No. 8-2, at 7 (citing to Ex. 21F/15), 8 (discussing Dr. Citty's medical records and opinions)). As for the statement from J. Kenney, this Court agrees with Judge Deere that the ALJ is not required to discuss specifically every piece of evidence, and the omission of a discussion of this statement by the ALJ when considered in the light of the record evidence as a whole is not so significant as to require remand (Dkt. No. 13, at 4-5). Having examined the record as a whole, the Court concludes that there was no significant error by the ALJ in weighing the evidence, especially that of the State Agency consultants' opinions, and in assigning the mental RFC based on the opinion of Dr. Faucett and the substantial evidence in the record as a whole regarding Ms. Barton's mental

2

limitations.

The Court concludes that the Commissioner's decision is supported by substantial evidence in the record as a whole. It is therefore ordered that the Commissioner's decision is affirmed, Ms. Barton's request for relief is denied, and this case is dismissed with prejudice. Judgment shall be entered accordingly.

So ordered this the 31st day of March, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge